**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

(1) Marvin Lampkin 58007060.
(Name of Plaintiff)          (Inmate Number)

USP Lewisburg. P.O. Box 1000.
(Address)          Lewisburg, PA 17837

(2)_____
(Name of Plaintiff)          (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) David J. Ebbert
(2) S. Brown et. all
(3)_____
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

1:17-cv-1562
(Case Number)

**CIVIL  COMPLAINT**

**FILED
SCRANTON**

AUG 3 1 2017

PER _____ AMO _____
DEPUTY CLERK

TO BE FILED UNDER: _____ 42 U.S.C. § 1983 – STATE OFFICIALS
                    ___✓___ 28 U.S.C. § 1331 – FEDERAL OFFICIALS

## I.   PREVIOUS LAWSUITS

A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case
     number including year, as well as the name of the judicial officer to whom it was assigned:

_____ N/A _____

_____

_____

_____

1

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.  Is there a prisoner grievance procedure available at your present institution? ___✓___ Yes _____ No

B.  Have you fully exhausted your available administrative remedies regarding each of your present claims? ___✓___ Yes _____ No

C.  If your answer to "B" is Yes: I filed federal tort claims Actions, addressed medical complaint

1.  What steps did you take? I made informal Complaints BP-8s  Formal Administrative Remedy requests with Warden BP-9s and appeals to Regional Director BP-10s

2.  What was the result? All attempts were denied or unresolved see attachments for result

D.  If your answer to "B" is No, explain why not: _____

_____

## III.  DEFENDANTS

(1)  Name of first defendant: S. Brown

Employed as HSA at USP Lewisburg
Mailing address: P.O. Box 1000 - Lewisburg, PA 17837

(2)  Name of second defendant: David J. Ebbert
Employed as Warden at USP Lewisburg
Mailing address: P.O. Box 1000 - Lewisburg, PA 17837

(3)  Name of third defendant: _____
Employed as _____ at _____
Mailing address: _____

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV.  STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach no more than three extra sheets if necessary.)

1.  Because of the effect systematic corporate punishments have upon me. I have joint muscle and bone damage, I have permanent bruises and scars. I suffer mentally, physically and psychologically.

2

on many occasion. I were forced into physical restraints, 4 point restraints,

2.  ambulatory restraints and excessively tight double restraint for little to no reason at all or false accusations. I am sicken by the disturbing conditions regarding the inhumane treatment and circumstance I have to live under while residing at USP Lewisburg Smu-program. HSA s. Brown and under David J. Ebbert, have a pattern practice and policy that raises

3.  unconstitutionalities. These cruel and unusual punishment, treatment, conditions, tortures, negligence, recklessness and malpractices have caused undue injuries and inflicted harm upon my person. due to placement in restraints. and the placement of unsafe unsupervised conditions. Causing undue stress harm and undue hardships. Physical restraints is any method of physically restricting a person freedom of movement. physical activity or normal access to his body. Bedrails 4 Point restraints and ambulatory restraints are estranges that forces prisoners + inmate, defecate without access to toilet, sanitation, clean environment, showers, etcetera. injurious indifference.

V.  **RELIEF**  deliberate intent and cruel punishments etcetera

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1.  I seek $ 1,000,000.°° in compensation for personal injuries abuse, mental abuse, physical abuse and psychological abuse.

2.  I seek damages in the amount of $ 20,000 based on personal injuries mental, physical, verbal abuse, neglect and corporal punishment and involuntary seclusion. humiliation, harassment, threats of punishment or deprivation and abusive controlling behavior.

3.  I ask to be compensated for all Good time credit loss, privileges, rights and entitlements. General population and that policy and practices be changed or made reasonable and in accordance with Prisons.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____18th_____ day of _____August_____, 20_17_ .

_____
(Signature of Plaintiff)

Attachment 3 pages                    8/18/17

My attempt to protest the injustices committed while residing at USP Lewisburg SMU-Program have fell on apathetic ears. It's my word against the supposedly respected, infallible staff. Help is no where to be found. Treated worse then an animal I am expected to tolerate the abuse as many captives before me had done. But even the most debased human being has limits. Moreover able to propel myself forward with a resolve never to give up regardless of the odds or circumstances, I want it to be known that I am not a pacifist and that I will defend myself under threatening circumstances, the natural do-or-die instinct of self-defense is a reality I'll forever adhere to. Prison is no friend of mine. It's objective is to torment my body with fears of isolation and seek to damage my mind with constant distractions, violence, sensory deprivation, and other injustices. I'm not immune to the chaos of this prison setting. But I will confront and counter the menace. Isolation in those lockup units is designed to overpower prisoner's minds with diffidence and fear, to shock a person into rehabilitation, nihilism, or psychosis. In prison each person has to confront the isolation with their best and strongest desire to survive. I will continue to challenge what is unjust. Because anything less than justice is an absolute injustice. The protocol actually practiced here at USP Lewisburg -SMU-program created unreasonable risks that prisoner's suffer pain so extreme as to rise levels of unconstitutionality.

Cruel and unusual punishments is a violation of the eighth Amendment U.S. constitution. I have been exposed to ridiculous as well as untrue accusations, disciplinary write-ups, sanctions, restrictions, conditions, treatment and punishments. Instinctively I know to expect to worse my change is invisible to the vindictive and myopic staff who prefer I remain fossilized in ambers of street legacy. nothing stays the same and everything changes. I've undergone personal transformation and done positive things with my life helped others stay out of trouble out of these filthy hellholes and bowels of wretchedness. to racist voyeurs I am no doubt a gargantuan black beast whose presence evoke feelings of inadequacy and apprehension, In an effort to camouflage their fears, they seek to emasculate me and to destroy my sanity. I cannot afford them monopoly over my response to their abuse. my responses to attacks like these are limited to psychological warfare. The staff members at USP Lewisburg smu-program have become manipulators of my reactions by knowing how and when to aggravate me to draw out rage, They are terrorists by any definition of the word. They go to the extreme. on occasions I found objects in my food clumps of hairs and I leave it to your imagination what other items were mixed in my meals. Items I was forced to overlook and eat. one time I was handcuffed by staff and a staff member found it amusing to use undue force by twisting my wrist than choking me, pinching and squeezing my arms and neck. Another time a chain was wrapped around my waist and double handcuffs placed on

each wrist, then those hand cuffs were connected to the chain so that I was positioned in a penguin like stance, with my elbows forced to bend. Shackles placed on my ankles, causing me to walk without being able to raise a foot. I had to shuffle along dragging my feet to keep from falling. This triggered the guards anger and I was slammed on my head then put into 4-point restraints which caused hurt, harm and injury. The inflammation, swellings, wounds, open skin lesions, scars and scabs were not self inflicted as stated in medical records. There is not possible that I or any other human is able to manipulate restraints while under a force and measurement that doesn't allow body movement. Further while being under the compelling graintational pull I never held complete control over my body movements. while in restraints throughout my incarceration within the Federal Bureau of Prisons. I am branded a black trouble maker, a disruptive gang member and the mastermind for any kind of prison controversy. I'm automatically pitted against institutional disruptiveness, whereas, guards and staff regardless of race or rank have turned blind eyes to these injustices. Their malice is so racially depraved they don't deserve to be employed. I would like to be interviewed about the conditions of incarceration and how I'm treated at USP Lewisburg SMU program in Lewisburg, PA

Marvin Lanphin 58007-060

date 8/18/17



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

<u>*Via Certified and Return Receipt Mail*</u>

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

May 22, 2017

Marvin Lampkin, Reg. No. 58007-060
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

  RE: Administrative Claim No. TRT-NER-2017-04507
     Claim Received May 18, 2017

Dear Mr. Lampkin:

  This is in response to your administrative tort claim in which you seek $100,000,000.00 in compensation for alleged personal injury claim at USP Lewisburg.. Specifically, you allege the use of restraints violated your due process rights.

  After review, we have decided to deny your claim because you have not alleged a physical injury actionable under the Federal Tort Claims Act.  28 U.S.C. §§ 1346(b)(2), 2672.

  If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

         Sincerely,

         Michael D. Tafelski
         Regional Counsel

cc: David J. Ebbert, Warden, USP Lewisburg

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

<u>*Via Certified and Return Receipt Mail*</u>

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

June 6, 2017

Marvin Lampkin, Reg. No. 58007-060
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

    RE:  Administrative Claim No. TRT-NER-2017-01658

Dear Mr. Lampkin:

    Your Administrative Claim No. TRT-NER-2017-01658, properly received on December 23, 2016, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. Damages are sought in the amount of $20,000.00 based on a personal injury claim. Specifically, you allege on multiple occasions you were placed in tight restraints causing bone, joint and muscle damage.

    An investigation, including review of your medical records, shows you were placed in restraints due to your disruptive behavior, three times from August 2016 through October 2016. It was noted during restraint checks that you were manipulating the hand cuffs and you were counseled on the effects of continuing to manipulate the restraints. The actions taken by USP Lewisburg staff were reasonable and appropriate. There is no evidence that you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee. Accordingly, your claim is denied.

    If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

                    Sincerely,

                    Michael D. Tafelski
                    Regional Counsel

cc: David J. Ebbert, Warden, USP Lewisburg

MEDICAL

INFORMAL RESOLUTION ATTEMPT # 17-34

In accordance with Program Statement 1330.18, Administrative Remedy
Program, this form will serve as documentation by the respective staff
member and his unit manager to indicate an informal attempt to resolve
the complaint of the following inmate:

NAME: Mr. Lampkin    Reg. No.: 58007-060

FORM TO INMATE: 6-29-17    STAFF: W/um    D
                 (Date)              (Name)    (Unit)

A BP-229(13) WILL NOT ORDINARILY BE ACCEPTED WITHOUT THIS COMPLETED
FORM ATTACHED
--------------------------------------------------------------------
1.    Nature of Complaint (to be completed by inmate):

Based on personal injuries specifically on multiple occasions I were
placed in physical Restraints, 4. Point Restraints, ambulatory restraints, and
tight double restraints causing bone, joint and muscle damage. The use of
these restraints has violated my 8th Amendment Constitutional rights. Because
the physical injuries inflicted upon me were due to Cruel and unusual
punishment, Treatment and conditions. (i.e. torture, negligence, recklessness,
malpractice). Furthermore my medical records has been altered and falsely
recorded. stating the effects of my injuries were due to my manipulating
the handcuffs and restraints. See e.g. physical restraints is any method of
physically restricting a persons freedom of movement, physical activity
or normal access to his body. Bed rails, 4- Points restraints and ambulatory
are examples of physical restraints. Health service Department has withheld
information inadequately provide medical treatment and medical care records
and placed me in unsafe unsupervised conditions causing unwanton harm
and undue hardships. I am sicken by the unlawful disturbing
conditions regarding the inhumane treatment and circumstances I
have to live under while residing at USP Lewisburg smu program.
The Health Service Administrator and medical staff at usplewisburg are "liars,"
"Manipulators," "fraudulent," "reckless" "uncivil racist voyeurs."

Respectfully
Yours 58007-060
LAMPKIN

LEW 1330.16A
ADMINISTRATIVE REMEDY PROGRAM
ATTACHMENT A CONTINUED

**FOR STAFF USE ONLY:** (to be completed within 5 working days)

2. Date Received from inmate: ___07-05-2017___

3. Staff Member Assigned to Respond to U/M: ___S. Brown, HSA___

4. Efforts Made to Resolve the Problem: Mr. Lampkin, review of your electronic medical record reveals that you are receiving appropriate medical care. Your last clinical encounter with medical staff was on 05/30/2017. During this encounter it was noted you had no open wounds or signs of infection. A thorough review of this matter has been completed, there is no evidence present to support your allegations against the HSA or medical staff. If you feel your condition has changed or worsened, sign up for daily sick call to have your concerns appropriately addressed by your primary care provider.

5. Applicable Program Statement Used in the Informal Resolution Attempt:

_____

6. Inmate's Response to Informal Remedy Attempt:

Health Service Administrative, has deliberately withheld information, falsely documented the said inmate Mr. Lampkin physical injuries, inadequately provided treatment and medical care. Health service records and placed inmate Mr. Lampkin in an unsafe unsupervised conditions. or unwanted pain and unjust hardship.

Prepared by: _____ HSA 7/5/17

Received by (U/M): _____

Original Returned to Inmate (Date): ___7-6-17___

Cc: Central File

BP-A0288
JAN 17

**U.S. DEPARTMENT OF JUSTICE**

**INCIDENT REPORT**

**FEDERAL BUREAU OF PRISONS**

### Part I - Incident Report

| | | | |
|---|---|---|---|
| 1. Institution: USP LEWISBURG | | Incident Report Number: | |
| 2. Inmate's Name: Lampkin, Marvin | 3. Register Number: 58007-060 | 4. Date of Incident: 05-04-2017 | 5. Time: 11:25am |
| 6. Place of Incident: East Rec Pen 30 | 7. Assignment: Unassigned | | 8. Unit:: D-Block |
| 9. Incident: Threatening bodily harm Refusing an order of any staff member | | 10. Prohibited Act Code(s) 203 307 | |

11. Description of Incident (Date: 05-04-2017   Time: 11:25am. Staff became aware of incident):

On May 4, 2017 at approximately 11:25am, I assisted in escorting Inmate Lampkin, Marvin #58007-060 to the East side recreation area, Specifically pen number 30. Once inmate Lampkin was removed from hand restraints and he entered the pen, he began to become agitated towards the escorting officers. After the Lieutenant talked to inmate Lampkin, the inmate stated, "you want to take me back in, come and get me out!" As I approached the pen in order assist other staff in removing him, he looked at me and stated, "you ain't getting me out of here, one of you will get fucked up!" At that time, I informed the Lieutenant of his actions and walked away from the rec pen.

| 12. Typed Name/Signature of Reporting Employee: R. Fisher | 13. Date And Time: 05-04-2017   11:50 am. |
|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): S. White/Bullot | 15. Date Incident Report Delivered: 5-4-17 |
| | 16. Time Incident Report Delivered: 12:15 pm |

### Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

_____

_____

_____

| 18. A. It is the finding of the committee that you: | B. ___ The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|
| ___ Committed the Prohibited Act as charged. ___ Did not Commit a Prohibited Act. ___ Committed Prohibited Act Code(s). ___ ___ | C. ___ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19. Committee Decision is Based on Specific Evidence as Follows:

_____

_____

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

_____

_____

21. Date and Time of Action:_____(The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

_____    _____    _____
Chairman (Typed Name/Signature)        Member (Typed Name)                 Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU PRISONS**

| Institution: USP, Lewisburg | Incident Report Number: 2982827 | |
|---|---|---|
| NAME OF INMATE: LAMPKIN, Marvin | REG. NO.: 58007-060 | UNIT: D-Block |
| Date of Incident Report: 5-4-2017 | Offense Code: 203, 307 | |

Date of Incident: 5-4-2017

Summary of Charges: Threatening Another with Bodily Harm; Refusing to Obey an Order

**I.     NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **5-4-2017** at (time) **12:15 p.m.** (by staff member) **B. White** .

B. The DHO Hearing was held on (date) **5-16-2017** at (time) **11:50 a.m.** .

C. The inmate was advised of the rights before the DHO by (staff member): **R. Marr** on (date) **5-8-2017** and copy of the advisement of rights form is attached.

**II.     STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative. Yes **XX** No

B. Inmate requested staff representative and **N/A** appeared.

C. Staff Representative statement: **N/A** .

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **N/A** was selected.

E. Staff representative **N/A** was appointed.

**III.     PRESENTATION OF EVIDENCE**

A. Inmate _____(admits) _____(denies) **XX** (neither) the charge(s).

B. Summary of inmate statement:

Inmate Lampkin declined to appear before the DHO for hearing with regard to the charges, and declined to make a statement. He provided no documents for the DHO to consider. A BP-307, Waiver of Appearance, Form is attached.

C. Witnesses:
1. Inmate waived right to witness. Yes **XX** No_____

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below): **N/A** .

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below): **N/A** .

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below): **N/A** .

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **N/A** .

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: **N/A** .

**IV.     FINDINGS OF THE DHO**

**XX** A. The act was committed as charged.

_____ B. The following act was committed:

_____ .

_____ C. No prohibited act was committed.
Expunge according to Inmate Discipline PS.

**V.     SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):**

The DHO finds that inmate Lampkin committed the prohibited acts of Threatening Another with Bodily

1

BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| LAMPKIN, Marvin | 58007-060 | 5-16-2017 |

Harm and Refusing to Obey an Order, Codes 203 and 307. This finding is based on the eyewitness written account of the reporting officer, which indicates on 5-4-2017 at approximately 11:25 a.m., the reporting officer assisted in escorting inmate LAMPKIN, Marvin #58007-060 to pen number 30 in the East Side Recreation Area. Inmate Lampkin's hand restraints were removed and he entered the pen, after which he became agitated towards the escorting officers. The Lieutenant talked to inmate Lampkin, and Lampkin stated, "You want to take me back in, come and get me out!" As the reporting officer approached the pen to assist other staff members in removing inmate Lampkin from the recreation pen, inmate Lampkin looked at the reporting officer and stated, "You ain't getting me out of here! One of you will get fucked up." At that time, the reporting officer notified the Lieutenant of inmate Lampkin's actions and walked away from the recreation pen.

This finding is further based on the fact inmate Lampkin declined to appear at the DHO hearing, declined to make any statement of any sort, and did not provide the DHO with any documentary evidence to review. These facts provide an adverse inference that inmate Lampkin committed the prohibited act as charged. The DHO has determined that if inmate Lampkin believed he did not commit the prohibited act as charged, he would have appeared before the DHO, specifically denied committing the prohibited act charged, and presented some sort of defense to the charges.

The evidence in this case, therefore, supports the finding inmate Lampkin committed the prohibited acts of Threatening Another with Bodily Harm and Refusing to Obey an Order, Codes 203 and 307.

### VI.   SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

CODE: 203

Disallow Good Conduct Time: 27 days
Forfeit Non-Vested Good Conduct Time: 30 days
Disciplinary Segregation: 30 days
Loss of Commissary Privilege: 90 days
Loss of Emailing Privilege: 90 days
Loss of Telephone Privilege: 90 days

CODE: 307

Loss of Visiting Privilege: 90 days

### VII.   REASON FOR EACH SANCTION OR ACTION TAKEN:

Threatening others with bodily harm in a correctional institution inherently jeopardizes the security and good order of the institution. The rationale for the sanctions imposed in this case, therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect on the security and orderly operation of the institution, as well as to deter future misconduct. Disciplinary segregation is imposed as punishment for the misconduct. Disallowed Good Conduct Time and Forfeited Non-Vested Good Conduct Time are imposed to demonstrate that engaging in misconduct will prolong Lampkin's period of incarceration. Forfeited Non-Vested Good Conduct Time is imposed based on the repetitive nature of the prohibited act committed. Loss of commissary, emailing, and telephone privileges are imposed to demonstrate that engaging in misconduct will result in the loss of pleasurable privileges while incarcerated.

Refusing to Obey Orders in a correctional institution undermines staff authority and inherently jeopardizes the security and good order of the institution. The rationale for the sanctions imposed in this case, therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect on the security and orderly operation of the institution, as well as to deter future misconduct. Loss of visiting privileges is imposed to demonstrate that engaging in misconduct will result in the loss of pleasurable privileges while incarcerated.

### VIII. APPEAL RIGHTS:   **XX**   The inmate has been advised of the findings, specific evidence relied on action and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

### IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| B. Chambers, DHO | | 18 MAY 2017 |

2

**BP-A0304**
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU PRISONS**

| Name of Inmate: LAMPKIN, Marvin | Reg. No.: 58007-060 | Hearing Date: 5-16-2017 |
|---|---|---|

Beaver *different* ~~name~~ not t.) 5-18-2017

DHO report delivered to Inmate by: _A Flowers_
                 Signature

False violation of Due process

_Flowers_
**Printed Name (Staff)**

5/18/17   1530
Date and Time:

Prescribed by P5270

BP-A0288
JAN 17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRISONS**

**Part I - Incident Report**

| 1. Institution: | | | Incident Report Number: | |
|---|---|---|---|---|
| 2. Inmate's Name: Lampkin, Marvin | 3. Register Number: 58007-060 | 4. Date of Incident: 5-6-2017 | | 5. Time: 10:00 a.m. |
| 6. Place of Incident: D-Block cell 101 | 7. Assignment: Unassigned | | | 8. Unit:: D-Block |
| 9. Incident: Threatening bodily harm ,Refusing staff orders | | 10. Prohibited Act Code(s) 203, 307 | | |

11. Description of Incident (Date: 05-06-2017   Time: 10:00 a.m. Staff became aware of incident):

On May 6th ,2017 at approximately 10:00 am, I reported to D-Block cell 101 to perform a required two hour check on inmate Lampkin, M. #58007-060. Once I arrived at the cell I observed the inmate inside the cell with his restraints covered  lying on the lower bunk. I ordered the inmate to sit upright on the lower bunk and allow me to observe the restraints. At this time the inmate refused my order and utilizing his body blocked my view of the restraints. I gave the inmate several verbal orders to cease his actions with negative results. The inmate then became verbally aggressive and stated " You are not coming in here and touching me faggot" . The inmate then moved towards the door in an aggressive manner. Due to the inmates verbal statement and body position at the entrance of the cell, I perceived  his actions as a  threat to myself and the staff conducting the check .

| 12. Typed Name/Signature of Reporting Employee: M. Saylor | 13.Date And Time: 5-6-2017/ 10:20 a.m. |
|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): | 15 .Date Incident Report Delivered: 3-6-17 | 16. Time Incident Report Delivered: 12:00pm |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident:

18. A. It is the finding of the committee that you:

    _____ Committed the Prohibited Act as charged.
    _____ Did not Commit a Prohibited Act.
    _____ Committed Prohibited Act Code(s). _____  _____

B. _____ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. _____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21. Date and Time of Action:_____ (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

_____    _____    _____
Chairman (Typed Name/Signature)          Member (Typed Name)          Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Actio; COPY 3-Inmate within 24 hours of Part I Preparation

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU PRISONS**

| | |
|---|---|
| Institution: USP, Lewisburg | Incident Report Number: 2983723 |
| NAME OF INMATE: LAMPKIN, Marvin | REG. NO.: 58007-060    UNIT: D-Block |
| Date of Incident Report: 5-6-2017 | Offense Code: 203, 307 |
| Date of Incident: 5-6-2017 | |

Summary of Charges: Threatening Another with Bodily Harm; Refusing to Obey an Order

**I. NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **5-6-2017** at (time) **12:00 p.m.** (by staff member) **R. Wilson** .

B. The DHO Hearing was held on (date) **5-16-2017** at (time) **11:55 a.m.** .

C. The inmate was advised of the rights before the DHO by (staff member): **R. Mark** on (date) **5-8-2017** and copy of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative. Yes **XX** No ___ .

B. Inmate requested staff representative and **N/A** appeared.

C. Staff Representative statement: **N/A** .

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **N/A** was selected.

E. Staff representative **N/A** was appointed.

**III. PRESENTATION OF EVIDENCE**

A. Inmate _____ (admits) _____ (denies) **XX** (neither) the charge(s).

B. Summary of inmate statement: _____

Inmate Lampkin declined to appear before the DHO for hearing with regard to the charges, and declined to make a statement. He provided no documents for the DHO to consider. A BP-307, Waiver of Appearance, Form is attached.

C. Witnesses:
1. Inmate waived right to witness. Yes **XX** No ___ .

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below): **N/A** .

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below): **N/A** .

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below): **N/A** .

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **N/A** .

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants has been) determined to be reliable because: **N/A** .

**IV. FINDINGS OF THE DHO**

**XX** A. The act was committed as charged.

_____ B. The following act was committed:

_____.

C. No prohibited act was committed. Expunge according to Inmate Discipline PS.

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS** (Physical evidence, observations, written documents, etc.):

The DHO finds that inmate Lampkin committed the prohibited acts of Threatening Another with Bodily

1

BP-A0304
JAN 17
**DISCIPLINE HEARING OFFICER REPORT**
**U.S. DEPARTMENT OF JUSTICE**                                          **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| LAMPKIN, Marvin | 58007-060 | 5-16-2017 |

Harm and Refusing to Obey an Order, Codes 203 and 307. This finding is based on the eyewitness
written account of the reporting officer, which indicates on 5-6-2017 at approximately 10:00 a.m.,
the reporting officer reported to D-Block cell 101 to perform a required two hour check on inmate
LAMPKIN, Marvin #58007-060. Upon arrival at the cell, the reporting officer observed inmate
Lampkin lying on the bunk inside the cell with his restraints covered. The reporting officer
ordered Lampkin to sit upright on the lower bunk and allow the reporting officer to observe the
restraints. Inmate Lampkin refused the order and used his body to block the reporting officer's
view of the restraints. The reporting officer gave inmate Lampkin several verbal orders to cease
his actions, with negative results. Inmate Lampkin became verbally aggressive and stated, "You are
not coming in here and touching me, faggot." Lampkin then moved toward the door in an aggressive
manner. Due to inmate Lampkin's verbal statement and body position at the entrance of the cell,
the reporting officer perceived Lampkin's actions as a threat to the reporting officer and staff
conducting the check. *under the undue hardship and unreasonable conditions of restraint*
*the gravitation pull of uncontrollable forces does allow individual to finally move.*
This finding is further based on the fact inmate Lampkin declined to appear at the DHO hearing,
declined to make any statement of any sort, and did not provide the DHO with any documentary
evidence to review. These facts provide an adverse inference that inmate Lampkin committed the
prohibited act as charged. The DHO has determined that if inmate Lampkin believed he did not
commit the prohibited act as charged, he would have appeared before the DHO, specifically denied
committing the prohibited act charged, and presented some sort of defense to the charges.
*— unlawful actions — illegal process*
The evidence in this case, therefore, supports the finding inmate Lampkin committed the prohibited
acts of Threatening Another with Bodily Harm and Refusing to Obey an Order, Codes 203 and 307.

**VI.   SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):**

CODE: 203

Disallow Good Conduct Time: 27 days          *neslisant deliberation*
Disciplinary Segregation: 30 days
Loss of Commissary Privilege: 90 days        *and providence*
Loss of Emailing Privilege: 90 days
Loss of Telephone Privilege: 90 days

CODE: 307

Loss of Visiting Privilege: 90 days

**VII.   REASON FOR EACH SANCTION OR ACTION TAKEN:** *fun necessgtha; must have to* 
*not specific proof.*
Threatening others with bodily harm in a correctional institution inherently jeopardizes the
security and good order of the institution. The rationale for the sanctions imposed in this case,
therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect
on the security and orderly operation of the institution, as well as to deter future misconduct.
Disciplinary segregation is imposed as punishment for the misconduct. Disallowed Good Conduct Time
is imposed to demonstrate that engaging in misconduct will prolong Lampkin's period of
incarceration. Loss of commissary, emailing, and telephone privileges are imposed to demonstrate
that engaging in misconduct will result in the loss of pleasurable privileges while incarcerated.
Refusing to Obey Orders in a correctional institution *undue burden unlawful hardship.* undermines staff authority and inherently
jeopardizes the security and good order of the institution. The rationale for the sanctions
imposed in this case, therefore, is to punish the inmate for his misconduct, which is viewed as
having an adverse effect on the security and orderly operation of the institution, as well as to
deter future misconduct. Loss of visiting privileges is imposed to demonstrate that engaging in
misconduct will result in the loss of pleasurable privileges while incarcerated.

**VIII. APPEAL RIGHTS:** __ XX __ The inmate has been advised of the findings, specific evidence relied
on action and reasons for the action. The inmate has been advised of the right to appeal this
action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report
has been given to the inmate.

**IX.   Discipline Hearing Officer**

| Printed Name | Signature | Date |
|---|---|---|
| B. Chambers, DHO | | 18 MAY 2017 |

2

BP-A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT**

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| LAMPKIN, Marvin | 58007-060 | 5-16-2017 |

DHO report delivered to Inmate by: _SFlowers_
                                              **Signature**

_SFlowers_              _5/18/17  1530_
**Printed Name (Staff)**         **Date and Time:**

Prescribed by P5270                                     Replaces BP-A0304 of AUG 11

3

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

## U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU PRISONS

| Institution: USP, Lewisburg | Incident Report Number: 2996396 | |
|---|---|---|
| NAME OF INMATE: LAMPKIN, Marvin | REG. NO.: 58007-060 | UNIT: D-Block |
| Date of Incident Report: 6-8-2017 | Offense Code: 207, 307, 312 | |

Date of Incident:  6-8-2017

Summary of Charges:  Wearing a Disguise or a Mask; Refusing to Obey an Order; Insolence Towards a Staff Member

| I. | NOTICE OF CHARGE(S) |
|---|---|

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **6-8-2017** at (time) **10:53 a.m.** (by staff member) **N. Carper** .

B. The DHO Hearing was held on (date) **6-13-2017** at (time) **11:00 a.m.** .

C. The inmate was advised of the rights before the DHO by (staff member): **R. Marr** on (date) **6-8-2017** and copy of the advisement of rights form is attached.

| II. | STAFF REPRESENTATIVE |
|---|---|

A. Inmate waived right to staff representative. Yes **XX** No_____.

B. Inmate requested staff representative and **N/A** appeared.

C. Staff Representative statement: **N/A** .

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **N/A** was selected.

E. Staff representative **N/A** was appointed.

| III. | PRESENTATION OF EVIDENCE |
|---|---|

A. Inmate _____(admits) **XX** (denies) _____(neither) the charge(s).

B. Summary of inmate statement:

Inmate Lampkin acknowledged he understood his rights before the DHO and was ready to proceed with the hearing.  Inmate Lampkin presented a handwritten document for the DHO to consider.  This handwritten document was handed to the DHO by Lampkin at the start of the hearing and was enclosed in a sealed envelope.  Lampkin stated "here, take this along with you and make it part of the record.  This applies to this hearing, all previous hearings, and any future hearings.  Make it a matter of record for my appeals."  The DHO informed Lampkin that the document was not applicable to any prior hearings, as they have already been completed and are a matter of record.  The DHO informed Lampkin the DHO would consider the document during the current hearing, however, if Lampkin wanted the document or a similar document considered during any subsequent hearings which may occur, Lampkin would have to resubmit a copy of the document to the investigating officer or UDC prior to any such DHO hearing, or to the DHO during any such hearing.  The DHO then proceeded to open the envelope, which appeared to annoy inmate Lampkin.  Lampkin stated "no, I want you to take that with you and make it part of the record".  The DHO informed Lampkin if Lampkin wanted the statement considered during the hearing, the DHO was required to read the statement and address its content with Lampkin during the hearing.  Lampkin remained in the hearing room as the DHO read the entire document.  The handwritten document was submitted on an "Inmate Request to Staff" Form, dated 6-13-2017, bearing Lampkin's name and Federal Bureau of Prisons register number.  At the top of the form was written "Affidavit of Truth".  The lined area on the front of the form was completely filled in.  The statement then continued on the back of the form, filling the entire back of the blank 8 ½" x 11" form.  After reading the statement in its entirety, the DHO informed Lampkin the statement presented no specific, material defense to the charges at hand, rather, was a generalized statement documenting allegations of "injustices" which Lampkin claims are prevalent in the Special Management Unit (SMU) at USP Lewisburg.  Lampkin documents these "injustices" as "systematic schemes, premeditated deliberate indifference, harassment, disrespect, deprivation, discrimination, racial discrimination, inappropriation, inappropriate falsified accusations, acts of terrorism, and threats from staff members."  Lampkin further alleges "facility management" (institution administration) fails to prevent these types of "injustices".  Lampkin further states "facility management must not employ individuals who have been found guilty of abusing, neglecting, or mistreating individuals by a court of law."  Lampkin further states "the staff members at USP Lewisburg SMU are manipulation of my reactions by knowing how and when to aggravate me and draw out my rage.  My only reasonable response to attacks like these are limited to verbal warfare which

1

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

## U.S. DEPARTMENT OF JUSTICE                     FEDERAL BUREAU PRISONS

| Name of Inmate:<br>LAMPKIN, Marvin | Reg. No.:<br>58007-060 | Hearing Date:<br>6-13-2017 |
|---|---|---|

exposes me to retaliations."

Upon being informed by the DHO his handwritten document presented no specific, material defense to the charges in this case, Lampkin became extremely irate, and began shouting loudly that the DHO "didn't read the entire document" and insisting the handwritten document constituted a valid defense to the charges. The DHO again informed Lampkin the handwritten document presented no specific, material defense to the charges in this case, and asked Lampkin whether he wanted to make a verbal statement on the record admitting or denying the charges. Lampkin shouted "I'm denying it. I didn't do anything. I was in my cell exercising. I'm Muslim. I'm required to cover my body parts when I'm working out. I did call them (staff) smelly motherfuckers because they are always standing outside my cell door farting." Lampkin then continued to scream and shout that the DHO did not read his handwritten document in its entirety, repeatedly shouting "you didn't read the entire document! There's no way you could have, because that's my defense, my statement is clear!" As the DHO again began to explain why the document did not present a specific, material defense to the charges in this case, Lampkin continued to shout, repeatedly stating "you didn't read the entire document! You didn't read the entire document!" The DHO instructed Lampkin to cease shouting and listen as the DHO continued to try to explain to Lampkin why his generalized, nonspecific allegations of various alleged "injustices" occurring at USP Lewisburg were not a valid defense to the charges. Lampkin continued to shout over the DHO "you didn't read the entire statement! No you didn't! You didn't read the entire statement!" At this point, the DHO instructed escorting staff to remove inmate Lampkin from the hearing room based on his disruptive behavior and refusal to participate in a meaningful manner in the hearing process. Inmate Lampkin was returned to his assigned cell, and the hearing concluded in his absence. Inmate Lampkin made no complaints of procedural errors during the time he was present in the hearing room.

---

C. Witnesses:
1. Inmate waived right to witness.  Yes__XX__ No_____

---

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):   __N/A__ .

---

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):

At the time he appeared before the UDC, inmate Lampkin requested inmate ~~SYKES, William, #57862-056,~~ as a witness in this case to present testimony to the effect "I (Lampkin) was working out". As staff were removing inmate Lampkin from his cell, D-103, for the hearing, the DHO heard Lampkin inform escorting staff he no longer desired to have inmate Sykes appear as a witness in this case. Upon entering the hearing room, the DHO asked Lampkin whether he wanted to call inmate Sykes as a witness in this case. Inmate Lampkin stated "No, I don't need him". Inmate Lampkin's verbal waiver of his right to call witnesses in this case was witnessed by Officer Fisher and Lieutenant Benfer, who were present as escort staff during the hearing.

---

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):   __N/A__ .

---

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:
Handwritten statement from inmate LAMPKIN, Marvin #58007-060, dated 6-13-2017

---

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:   __N/A__ .

---

IV.      FINDINGS OF THE DHO

__XX__  A. The act was committed as charged.

_____ B. The following act was committed:

_____ .

_____ C. No prohibited act was committed:
Expunge according to Inmate Discipline PS.

---

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

BP-A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT**

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU PRISONS**

| Name of Inmate:<br>LAMPKIN, Marvin | Reg. No.:<br>58007-060 | Hearing Date:<br>6-13-2017 |
|---|---|---|

The DHO finds that inmate Lampkin committed the prohibited acts of Wearing a Disguise or a Mask, Refusing to Obey an Order, and Insolence Towards a Staff Member, Codes 207, 307, and 312. This finding is based on the eyewitness written account of the reporting officer, which indicates on 6-8-2017 at 10:25 a.m., the reporting officer was conducting rounds on the first floor of D-Block. When the reporting officer looked in the cell door window of cell D-125, which housed inmate LAMPKIN, Marvin #58007-060, he observed inmate Lampkin standing at the cell window with an orange shirt wrapped around his head and face. The reporting officer asked inmate Lampkin to remove the shirt from his head, but Lampkin did not comply. The reporting officer gave inmate Lampkin a direct order to remove the mask from his face, but Lampkin again refused. The reporting officer gave inmate Lampkin a second direct order to remove the mask, and inmate Lampkin stated, "I am not trying to smell you smelly motherfuckers. You all stink."

This finding is further based upon the testimony of inmate Lampkin, in response to questions posed by the DHO during the hearing, "I was in my cell exercising. I'm Muslim. I'm required to cover my body parts when I'm working out. I did call them (staff) smelly motherfuckers because they are always standing outside my cell door farting."

Inmate Lampkin denied committing any prohibited act in this case. He presented in his defense a handwritten statement, the vast majority of which presents absolutely no specific, material defense to the charges at hand, rather, is a generalized statement documenting allegations of "injustices" which Lampkin claims are prevalent in the Special Management Unit (SMU) at USP Lewisburg, with no specific incidents or details documented. The only portion of Lampkin's handwritten document deemed in any way relevant by the DHO is his statement "I've committed no rule violations factually nor shown a pattern of disruptive behavior." Lampkin also denied the charges during his verbal testimony, stating "I'm denying it. I didn't do anything."

The DHO gives the greater weight of the evidence in this case to the eyewitness written account of the reporting officer, as well as the testimony of inmate Lampkin, in response to questions posed by the DHO during the hearing, "I was in my cell exercising. I'm Muslim. I'm required to cover my body parts when I'm working out. I did call them (staff) smelly motherfuckers because they are always standing outside my cell door farting." This evidence indicates on 6-8-2017 at 10:25 a.m., the reporting officer was conducting rounds on the first floor of D-Block. When the reporting officer looked in the cell door window of cell D-125, which housed inmate LAMPKIN, Marvin #58007-060, he observed inmate Lampkin standing at the cell window with an orange shirt wrapped around his head and face. The reporting officer asked inmate Lampkin to remove the shirt from his head, but Lampkin did not comply. The reporting officer gave inmate Lampkin a direct order to remove the mask from his face, but Lampkin again refused. The reporting officer gave inmate Lampkin a second direct order to remove the mask, and inmate Lampkin stated, "I am not trying to smell you smelly motherfuckers. You all stink."

The DHO has considered as evidence in this case the relevant portion of Lampkin's handwritten document, the statement "I've committed no rule violations factually nor shown a pattern of disruptive behavior", as well as his verbal testimony "I'm denying it. I didn't do anything." The DHO finds this evidence to be less credible, thereby giving it less weight, than that to which the greater weight is given in this case, for the following reasons. First, a review of Lampkin's Chronological Disciplinary Record documents he has sustained a total of 30 disciplinary actions during his confinement in the Federal Bureau of Prisons, since August 2014. Seven of these were incurred at USP Lewisburg since August 2016. These disciplinary actions were sustained as a result of findings made by DHO's and UDC's that Lampkin committed the prohibited acts charged. These findings are based on the evidence or greater weight of the evidence as supported by facts. Therefore, Lampkin's statement "I've committed no rule violations factually nor shown a pattern of disruptive behavior" is clearly and unequivocally false, thereby critically detracting from the credibility of his handwritten statement in its entirety, as well as his verbal denial of committing the prohibited acts charged in this case. Further, Lampkin readily admitted "I did call them (staff) smelly motherfuckers because they are always standing outside my cell door farting", thereby meeting the offense elements of the prohibited act Code 312, Insolence, in this case. Moreover, the DHO considers Lampkin's testimony "I was in my cell exercising. I'm Muslim. I'm required to cover my body parts when I'm working out" to be evidence supporting a conclusion Lampkin's head and face was, in fact, completely covered with an orange t-shirt wrapped around his head and face, as documented in Section 11 of the incident report. The DHO has been employed in corrections in the Federal Bureau of Prisons in various positions in the Correctional Services and Correctional Programs departments in United States Penitentiaries in excess of 25 years. During this period, the DHO has extensively supervised and interacted with inmates of every faith group,

3

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| LAMPKIN, Marvin | 58007-060 | 6-13-2017 |

including those of the Islamic faith. Although the DHO does not claim to be an expert in the beliefs and practices of every faith group, the DHO has never, during this entire 25 year period of experience working in correctional institutions, witnessed or been made aware of any claim by a member of any faith group, including the Nation of Islam (Lampkin's stated religious group) that its members are required to completely cover their faces and heads while exercising. The DHO has concluded, therefore, that Lampkin's testimony regarding his alleged rationale for engaging in the act is not evidence supporting a finding that he did not commit a prohibited act in this case, nor does it constitute sufficient justification for committing the prohibited act, nor does it mitigate the severity of the prohibited act committed in this case.

The greater weight of the evidence in this case, therefore, supports the finding inmate Lampkin committed the prohibited acts of Wearing a Disguise or a Mask, Refusing to Obey an Order, and Insolence Towards a Staff Member, Codes 207, 307, and 312.

**VI.    SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):**

CODE: 207

Disallow Good Conduct Time: 27 days
Disciplinary Segregation: 30 days
Loss of Commissary Privilege: 120 days
Loss of Emailing Privilege: 120 days
Loss of Telephone Privilege: 120 days
Loss of Visiting Privilege: 120 days

CODE: 307

Loss of Mattress Privilege: 60 days

CODE: 312

Impound Personal Property: 60 days (all inmate personal property with exception to legal and religious materials)

**VII.    REASON FOR EACH SANCTION OR ACTION TAKEN:**

Wearing a disguise or a mask in a correctional institution jeopardizes the security and orderly operation of the institution. The rationale for the sanctions imposed in this case, therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect on the security and orderly operation of the institution, as well as to deter future misconduct. Disciplinary segregation is imposed as punishment for the misconduct. Disallowed Good Conduct Time is imposed to demonstrate that engaging in misconduct will prolong inmate Lampkin's period of incarceration. Loss of commissary, emailing, telephone, and visiting privileges are imposed to demonstrate that engaging in misconduct will result in the loss of pleasurable privileges while incarcerated.

Refusing to Obey Orders in a correctional institution undermines staff authority and inherently jeopardizes the security and good order of the institution. The rationale for the sanctions imposed in this case, therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect on the security and orderly operation of the institution, as well as to deter future misconduct. Loss of mattress is imposed as a sanction, based on the repetitive nature of this particular prohibited act. This is Lampkin's fifth disciplinary action within the past nine months for Code 307, Refusing to Obey Orders.

Insolence toward staff in a correctional institution undermines the authority of staff, hampers the ability of staff to maintain the security and good order of the institution, and inherently jeopardizes the same. The rationale for the sanctions imposed in this case, therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect on the security and orderly operation of the institution, as well as to deter future misconduct. Impound personal property is imposed as a sanction, as all other sanctions previously imposed have had no deterrent effect with regard to inmate Lampkin's repetitive commission of a variety of prohibited acts.

4

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

## U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU PRISONS

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| LAMPKIN, Marvin | 58007-060 | 6-13-2017 |

VIII. APPEAL RIGHTS:  **XX**  The inmate has been advised of the findings, specific evidence relied
on action and reasons for the action.  The inmate has been advised of the right to appeal this
action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report
has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| B. Chambers, DHO | | 14 JUNE 2017 |

DHO report delivered to Inmate by: _____
                                        Signature

Gflowers
**Printed Name (Staff)**          6/14/17   1530
                                  **Date and Time:**

Prescribed by P5270                                    Replaces BP-A0304 of AUG 11

5

BP-A0288
JAN 17

INCIDENT REPORT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

---

**Part I - Incident Report**

| 1. Institution:  USP LEWISBURG | | Incident Report Number: | |
|---|---|---|---|
| 2. Inmate's Name:  LAMPKIN, MARVIN | 3. Register Number:  58007-060 | 4. Date of Incident:  6/8/2017 | 5. Time:  10:25 AM |
| 6. Place of Incident:  D-BLOCK CELL 125 | 7. Assignment:  D-BLOCK | | 8. Unit:  D |
| 9. Incident: WEARING A DISGUISE OR A MASK REFUSING TO OBAY AN ORDER OF ANY STAFF MEMBER INSOLENCE TOWARDS A STAFF MEMEBER | | 10. Prohibited Act Code(s)   207,307,312 | |

11. Description of Incident (Date: 06/08/2017   Time: 10:25 a.m. Staff became aware of incident):

   On 6/8/17 at 10:25 am I was conducting rounds on the first floor of D block. When I looked in the cell window of cell D 125 which is where inmate Lampkin,  Marvin #58007-060 is housed, I observed inmate Lampkin standing at the cell window with an orange shirt wrapped around his head and face. I asked inmate Lampkin to remove the shirt from his head to which he did not reply.  I then gave inmate Lampkin a direct order to remove the mask from his face which he refused. I then gave inmate Lampkin a second direct order to remove the mask, inmate Lampkin then stated "I am not trying to smell you smelly mother fuckers, you all stink."

| 12. Typed Name/Signature of Reporting Employee:  N.Beaver | | 13.Date And Time:  6/8/2017  10:40am |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): | 15 .Date Incident Report Delivered:  6·8·17 | 16. Time Incident Report Delivered:  1653 |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident:

| 18. A. It is the finding of the committee that you: | B. | _____ | The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|---|---|
| _____  Committed the Prohibited Act as charged. _____  Did not Commit a Prohibited Act. _____  Committed Prohibited Act Code(s). _____  _____ | C. | _____ | The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21. Date and Time of Action:_____(The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

_____      _____      _____
Chairman (Typed Name/Signature)        Member (Typed Name)                    Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.